# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.   ) | CR216-012-9 |
| ) | |
| ) | |
| JAMAR BRADLEY, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Defendant Jamar Bradley's motion for compassionate release. Dkt. No. 1214. For the reasons set forth below, Defendant's motion is **DENIED**.

On April 7, 2016, Defendant and eighteen co-defendants were named in a thirty-count indictment alleging various drug distribution and firearm offenses. Dkt. No. 3. In the indictment, Defendant was charged with one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine hydrochloride and 280 grams or more of cocaine base; one count of conspiracy to illegally use, carry, or possess firearms; six counts of possession with intent to distribute cocaine base; one count of possession of a firearm by a convicted felon; one count of using, carrying, and brandishing a firearm during and in furtherance of a drug trafficking crime;

one count of attempted interference with commerce by robbery; and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence. Id. On September 28, 2016, Defendant pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride and 280 grams or more of cocaine base. Dkt. No. 515. Defendant's conviction carried a mandatory minimum sentence of ten years of imprisonment and a statutory maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A).

The Presentence Investigation Report ("PSR") attributed Defendant with 525 grams of cocaine base. As a result, the 2016 edition of the United States Sentencing Guidelines provided for a base offense level of 30. After adjustments for possession of a firearm, threats of violence, and role in the offense, Defendant's adjusted offense level was 37. Defendant did not qualify as a career offender, rendering inapplicable Chapter Four of the Sentencing Guidelines. Providing for acceptance of responsibility, Defendant's total offense level became 34, which combined with a criminal history category of III provided for a Guideline range of 188 to 235 months of imprisonment. On May 10, 2017, Defendant was sentenced to 215 months' imprisonment with the Bureau of Prisons.

Defendant filed a direct appeal, dkt. no. 737, which was dismissed by the Eleventh Circuit Court of Appeals, dkt. no.

2

805. Thereafter, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 853. The Court ultimately denied the motion. Dkt. Nos. 1023, 1024. Defendant appealed, dkt. no. 1029, and the Eleventh Circuit denied Defendant a certificate of appealability, dkt. no. 1103.

In November 2018, Defendant filed a motion to reduce his sentence pursuant to a retroactive amendment to the U.S. Sentencing Guidelines. Dkt. No. 908. The Court denied the motion, finding that Defendant's sentence imposed on May 10, 2017 incorporated all retroactive amendments. Dkt. No. 910. In April 2019, Defendant filed a motion to reduce his sentence pursuant to the First Step Act of 2018. Dkt. No. 928. The Court denied the motion, finding that Defendant was ineligible for a reduction because the First Step Act and Fair Sentencing Act have no effect on his Guideline range. Dkt. No. 964. In November 2020, Defendant filed a motion for compassionate release. Dkt. No. 1051. The Court denied the motion without prejudice, finding that Defendant had failed to exhaust his administrative remedies. Dkt. No. 1052. In January 2024, Defendant filed a motion to reduce his sentence pursuant to retroactive amendments to the U.S. Sentencing Guidelines. Dkt. No. 1175. Twenty-two days later, the Court reduced Defendant's sentence from 215 months' to 192 months' imprisonment pursuant to 28 U.S.C. § 994(u), which reduced Defendant's criminal

3

history category from III to II and resulted in an amended Guidelines range of 168 to 210 months' imprisonment. Dkt. No. 1179.

Defendant now moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 1214. Defendant appears to argue that, were he sentenced today, intervening changes in law would cause him to receive a much shorter imprisonment sentence, which creates a disparity between his sentence and his co-defendants' sentences and constitutes an "extraordinary and compelling reason" warranting compassionate release. In support, Defendant cites Concepcion v. United States, 597 U.S. 481 (2022). Defendant's argument is misplaced.

"Concepcion did not hold that intervening changes in law or fact may render a defendant eligible for [a sentence reduction]. Rather, Concepcion only addressed the type of information a district court may consider in deciding how to exercise its discretion in reducing the sentence of an *otherwise eligible defendant*." United States v. Harris, No. CR 119-130, 2023 WL 2562876, at *2 (S.D. Ga. Mar. 17, 2023), appeal dismissed, No. 23-10979-B, 2023 WL 6230398 (11th Cir. Sept. 11, 2023). Defendant's sentence has already been reduced pursuant to Amendment 821 to the U.S. Sentencing Guidelines, and he is not eligible for a further sentence reduction. Defendant has therefore failed to show an "extraordinary and compelling

4

reason" warranting compassionate release under § 3582(c)(1)(A), and his motion, dkt. no. 1214, is **DENIED**.

**SO ORDERED**, this __6__ day of January, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA