# In the United States District Court for the Southern District of Georgia Brunswick Division

UNITED STATES OF AMERICA,

v.

JAMAR BRADLEY,

    Defendant.

CR 216-012-9

### ORDER

Before the Court is Defendant Jamar Bradley's "Motion for 2241." Dkt. No. 1216. Therein, Defendant appears to be challenging the Bureau of Prisons' calculation of his imprisonment sentence. See id.

"The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district courts." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (citing United States v. Wilson, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Id. (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quotation marks omitted)). Federal regulations afford prisoners

administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10-542.19.

Because the Bureau of Prisons has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Id. (quoting United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)). Only "after the exhaustion of administrative remedies" may a claim for credit for time served be brought under 28 U.S.C. § 2241. Id. (quoting Nyhuis, 211 F.3d at 1345). Here, Defendant avers he has exhausted his administrative remedies by addressing the issue with Grand Prairie[1] "with no results." Dkt. No. 1216.

"A claim for credit for time served is cognizable under 28 U.S.C. § 2241 as a challenge to the execution of a sentence." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018). "Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a); see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as

---

[1] The Bureau of Prisons' Designation & Sentence Computation Center is located at its South Central Regional Office in Grand Prairie, Texas. Federal Bureau of Prisons, available at https://www.bop.gov/locations/grand_prairie/.

2

respondent and file the petition in the district of confinement."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").

Defendant's petition indicates that he is incarcerated at the Federal Correctional Institute in Beaver, West Virginia. See Dkt. No. 1216 at 2. Beaver, Raleigh County, West Virginia, is located in the Southern District of West Virginia. 28 U.S.C. § 129. Since this Court lacks jurisdiction over Defendant's § 2241 petition, it is hereby **DISMISSED**. See Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); see also, e.g., United States v. Michel, 817 F. App'x 876, 879 (11th Cir. 2020) (concluding "[t]he district court . . . declined correctly to review [prisoner's] request for relief under 28 U.S.C. § 2241[,]" because the request was not filed in the district of confinement). The Clerk is, however, **DIRECTED**, to mail Defendant a form Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, should he choose to pursue that remedy.

**SO ORDERED**, this 26 day of March, 2025.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3